FILED
3:21 pm, Jun 16, 2016
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

SCANNED at WVCF and Emailed on 6-16-16 (date) by KR (initials) - 11 (num) pages.

**DOUGLAS A. REAVES**
**Plaintiff.**

**v.**

**RUTHIE JIMERSON**
**Defendants.**

**Cause No. 2:15-CV-00350-JMS-MJD**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Comes now the Plaintiff, Douglas Reaves, pro-se, pursuant to Rule 56 of the Indiana Rules of Court, and moves this Court to **GRANT** Summary Judgment in favor of the Plaintiff and **AGAINST** the Defendants.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for Summary Judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Cir. P. 56(a)*. Rule 56 further requires the entry of Summary Judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986)(citing Fed. R. Civ. P. 56(c)*. "Summary Judgment is appropriate –in fact, is **MANDATED**– where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santé Fe Ry. Co., 16 F. 3d 832, 836 (7th Cir. 1954)*. Once a properly supported motion for Summary Judgment is made, the non-moving party cannot resist the motion and

withstand Summary Judgment by merely resting on its pleadings. See *Fed. R. Civ. P. 56(e)*; *Donovan v. City of Milwaukee, 17 F. 3d 944, 947 (7th Cir. 1994)*. Rule 56(e) provides that, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the Court may…consider the fact undisputed for purposes of the motion or grant Summary Judgment if the motion and supporting materials – including the facts considered undisputed –show that the movant is entitled to it…" *Fed. R. Civ. P. 56(e)(2),(3)*; see also, *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986)*. Thus, to demonstrate a genuine issue of fact, the non-moving party "*must do more* than simply show that there is some metaphysical doubt as to the material facts," but must, "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L.Ed 2d 538 (1986)(quoting Fed. R. Civ. P. 56(e)*. In viewing the facts presented on a motion for Summary Judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of the party. See *Liberty Lobby, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed 2d 202 (1986); Srail v. Vill. Of Lisle, 588 F. 3d 231, 234 (7th Cir. 1995)*. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. See *Liberty Lobby, 477 U.S. at 249-50.I*

**UNDISPUTABLE MATERIAL FACTS**

1) The Plaintiff's (Reaves') teeth were treated without incident or pain prior to Jimerson's intervention.
2) Dr. Frazee, DDS, had placed a cap on Reaves' tooth #23 on 10/22/07, which did its function until Jimerson knocked that cap off during her cleaning of Reaves' teeth on

2/25/11. Then on 4/25/11, Jimerson **UNNECESSARILY EXTRACTED** tooth #23, rather than replacing the cap that she knocked off. [Doc 31-2, -002, entry 10/22/07, 2/25/11, 4/25/11]. During the extraction of the tooth #23, Jimerson **FAILED** to properly anesthetize the extraction area, causing Reaves unnecessary pain and suffering. At the time of this incident, Jimerson **FAILED** to inform Reaves that she was on probation and could not apply caps pursuant to the ruling by the Indiana Board of Dentistry thus, Jimerson **DENIED** Reaves of his right to **INFORMED CONSENT**.

3) On 5/1/12, Dr. Holland, DDS, examined Reaves' tooth #22F and #26MF, and placed Reaves on the OP schedule to fill both teeth, stating that he (Holland) would do the fillings (Doc 31-2, -003 entry 5/1/12). On 5/31/12 Jimerson called Reaves in to do the fillings, but because of the **PAIN** and **SUFFERING** that Jimerson caused him in #2 above, Reaves refused treatment from Jimerson. [Doc. 31-2, -003 entry 05/31/12]. The **PAIN** got so bad that Reaves re-submitted a request for fillings on 02/28/13, and again had to refuse treatment from Jimerson on 03/01/13, when she instructed Reaves that "he does not get to chose which dr. he gets to see." [Doc. 31-2, -003, entry 03/01/13]. Contrary to Jimerson's statement, on 03/28/13, Marla Gadberry, the Health Services Administrator at that time, stepped in and **SPECIFIED** that Reaves was to be treated by Dr. Leonard. [Doc. 31-2, -003, entry 03/28/13]. In contradiction of the Health Service Administrator, Jimerson called Reaves in on 04/26/13 to do his fillings which Reaves again had to refuse. [Doc. 31-2, -003, entry 04/26/13]. Finally on 5/22/13, while Jimerson named herself as the provider, Dr. Leonard, DDS filled Reaves' teeth #21, 22, and #26, with **NO PRBLEMS** [Doc 31-2, -004, entries 05/22/13].

4) Because Jimerson successfully filled tooth #14 on 3/21/14 without causing Reaves pain, Reaves submitted HCR 204991 on 2/23/15, when he began having pain in a tooth on the lower right side of his mouth. Jimerson maintained that there was nothing wrong with the tooth that was causing Reaves pain, but that the tooth behind it, tooth #31, was fractured. Jimerson proceeded to ignore the tooth causing pain, and instead, drilled and filled tooth #31. [Doc. 31-2, -005, entry 3/6/15]. On 3/13/15, one week to the day, Reaves had to return to dental because he now had two (2) teeth causing **PAIN**; the original tooth he reported on 2/23/15, and tooth #31, the tooth Jimerson had allegedly fixed on 3/6/15. Jimerson advised Reaves that, "If pain persists, may want to pull it as filling is too close to the nerve." [Reaves Dent. R. -005, entry 3/31/15]. This clearly indicated that Jimerson drilled too deep and was now causing **EXTREME PAIN** to Reaves; and according to Jimerson, a tooth that could have been saved, now needed to be pulled. **ALL** of this, because of the **DAMAGE THAT JIMERSON CAUSED**. Reaves refused the treatment (extraction) from Jimerson.

5) On injunction, Reaves was examined on May 11, 2016 by the independent DDS, John Roshel III at the Roshel Family Dental Clinic. The examination revealed 5 cavities in teeth # 29, 30, 31, 19. All of which could be filled, including tooth #31, in which **NO FRACTURE** was found and **DID NOT NEED TO BE PULLED**.

**DELIBERATE INDIFFERENCE STANDARD**

"To prevail on an Eighth Amendment **DELIBERATE INDIFFERENCE** claim, a Plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and substantial risk of harm it posed, but disregarded that risk." *Farmer v. Brennan, 511 U.S. 825, 8374 (1994)*; *Pittman ex*

*rel. Hamilton v. County of Madison, Ill., 746 F. 3d 766, 775 (7th Cir. 2014)*; *Arrett v. Webster, 658 F. 3d 742, 750-57 (7th Cir. 2011).*

**1) ELEMENT ONE –Reaves suffered 'From An Objectively Serious Medical Condition.'**

It is clear from the face of the record, that Reaves **HAS SUFFERD** and **CONTINUES TO SUFFER** from an objectively **SERIOUS DENTAL CONDITION**. In *Chance v. Armstrong, 143 F. 3d 689, 703 (1998)*, the United States District Court made it clear that, "**DENTAL CONDITIONS ARE SERIOUS** if they: **CAUSE PAIN; DISCOMFORT; CREATE AN INABILITYTO ENGAGE IN NORMAL ACTIVITIES; OR ARE A THREAT TO GOOD HEALTH**." Also see *Dean v. Couglin, 623 F. Supp. at 404*. This Court found in *Pyles v. Fahim, 771 F. 3d 403, 409 (7th Cir. 2014)*, "A medical condition is **OBJECTIVELY SERIOUS** if a physician has diagnosed it as requiring treatment." There is no doubt and the records support that Jimerson admits that Reaves **SUFFERS FROM SERIOUS DENTAL CONDITIONS**. This **SATISFIES ELEMENT ONE**.

**2) ELEMENT TWO –Jimerson And Bartles Knew About The Plaintiff's Condition And Substantial Risk Of Harm It Posed, But Disregarded That Risk.**

Because of the **PAIN AND SUFFERING** that Jimerson caused in the 2/25/11 butchery, Reaves **REFUSED** to allow Jimerson to do any further treatments on his teeth. In *Cruzan v. Director MD. Dept. of Health, 497 U.S. 261, 267-70, 110 S. Ct. 2841 (1990)*, the United States Supreme Court stated that, "common law **RIGHT** to refuse treatment is part of **INFORMED CONSENT**." Jimerson told Reaves that he could not, "choose which dr an day he is to receive tx." [Doc 31-2, entry 03/01/13]. But contrary to Jimerson's statement, when the *Health Services Administrator, Marla Gadberry,* found

out about Jimerson's butchery, Gadberry stepped in and over-ruled Jimerson, noting in the record that Reaves was to be seen by Dr. Leonard, DDS, and **NOT JIMERSON**. [Doc. 21-2, -003, entry 3/28/13]. Dr. Leonard successfully and **RESPONSIBILY** filled Reaves' teeth 21, 22, and 26, **WITHOUT PAIN**. [Doc. 31-2, -003, entry 5/22/13]. Then on 3/13/15, Jimerson wanted to pull tooth #31, because of her actions of **IMPORPERLY FILING** that tooth just seven (7) days earlier. Jimerson's prognosis was to **PULL** Reaves' tooth #31 instead of **SAVING** it. [Doc 31-2, -005 entry 3/13/15]. Reaves **REFUSED TREATMENT** from Jimerson. On 5/11/16, Reaves was sent out to be examined by the independent Dr. John Roshell III, DDS, pursuant to the Emergency Dental Injunction issued by this Court. Dr. Roshell exam findings were that Reaves teeth #'s 29, 30, 31 and 19 had caries (cavities) and these teeth could **BE SAVED** with fillings. It should be noted, that it was teeth #29 and #30 that Reaves reported to Jimerson that he had pain with on 1/29/15, but Jimerson told Reaves that #29 and #30 **DID NOT HAVE CAVITIES** but tooth #31 did so Jimerson filled tooth #31, leaving teeth #29 and #30 in pain, and ultimately tooth #31 by improperly filling that tooth. *Chance v. Armstrong, 143 F. 3d 698, 703 (1998)* states, "when dentist propose extraction rather than saving teeth, it is an Eight Amendment claim." Also see *Dean v. Couglin, 623 F. Supp. 404.*

In *Harrison v. Barkley, 219 F. 3d 132, 138 (2007),* the court found that, "Limiting care to **PULLING** teeth that could be **SAVED**, had been held as **UNCONSTITUTIONAL**." The first documented facts of pulling teeth that could and should have been saved was when Jimerson knocked off a cap from Reaves' tooth #23 during a routine cleaning, then **PULLED** that tooth rather than saving it. Jimerson did not disclose to Reaves that she was on probation and could not re-install a cap on tooth

#23, instead she **PULLED** tooth #23. [Doc 31-2, -001, entry 10/22/07; 002, entry 02/25/11; 002, entry 04/25/11]. The second documented fact that Jimerson pulls teeth when they can be saved is covered by the Emergency Injunction, which has already been covered. In both instances Jimerson knew about Reaves' Condition and Substantial Risk of Harm it Posed, and chose to **PULL** the teeth instead of **SAVING** the teeth.

Jimerson's supervisors **CANNOT CLAIM** that they did not know. In the first instance, Health Care Supervisor, Marla Gadberry steeped in and had Reaves' dental treatment done by Dr. Leonard, DDS. In the second instance Reaves not only grieved Jimerson's treatment, which was answered by Director of Nursing –Kim Hopson who has been promoted to the current Health Services Administrator; Reaves also contacted the Indiana Medical License Board on March 16, 2015; the Wabash Valley Correctional Facility Superintendant; the Corizon Regional Medical Director; the Superintendent responded through the Unit Team Manager –A. Eickmeier. A. Eickmeier then forwarded this to Ms. Rankin, who was the Health Services Administrator at that time. Ms. Rankin, forwarded Reaves complaint to the Regional Medical Director, who responded through Ester Hinton the IDOC Contract Monitor. The Court should **NOTE** that **NONE** of the individuals listed are dentists, so they can **ONLY** base their findings on **UNEDUCATED OPINION.**[1] It should also be **NOTED** that their **OPINION** of Reaves 'receiving proper treatment,' is directly in **CONFLICT** of all the **FEDERAL** Case Cites that Reaves has presented. Never-the-less, all of these responses indicated that all the defendants **"KNEW ABOUT THE PLAINTIFF'S CONDITION AND SUBSTANTIAL RISK**

[1] All of those responses were entered in the Plaintiff's Emergency Medical Injunction.

**OF HARM IT POSED, BUT DISREGARDED THAT RISK.**" That meets the second element of the **DELIBERATE INDIFFERENCE STANDARD**.

**WHEREFORE** the Plaintiff has met the **SUMMARY JUDGMENT STANDARD** by showing that there is **NO GREIVANCE DISPUTE OF ANY MATERAIL FACT**. Likewise, the Plaintiff has met the burden of proving **DELIBERATE INDIFERENCE**, by showing both elements that are necessary to prove the Defendant's **SERIOUS DENTAL NEEDS**.

But to assist the Court in its decision to **GRANT SUMMARY JUDGMENT** in favor of the Plaintiff and against the Defendants, the Plaintiff will show the following:

On or about June 13, 2016, the Plaintiff received notice from the Defendants, that Defendant Ruthie Jimerson would be the Defendant's **EXPERT WITNESS**. Because there is no **GREIVANCE DISPUTE TO ANY MATERIAL FACT**, and **ALL** of the documentation and facts support the Plaintiff, should this matter go to trial, the Defendant's would have to rely solely on their "**EXPERT WITNESS**." So to assist this Court, the Plaintiff will take this opportunity to **IMPEACH** Ruthie Jimerson and **DISQULAIFY** her as a **RELIABLE WITNESS**, much less as an **EXPERT WITNESS**.

> Black's Law Dictionary defines **EXPERT** as follows:
>
> Expert: "A person who, through education or experience, had developed skill or knowledge in a particular subject, so that he or she may form an opinion that will assist the fact-finder."

1) **EDUCATION-** **NO-ONE** coming out of Dental School, or any other school, can be considered an **EXPERT**, so Jimerson's education **DOES NOT QUALIFIY** her.

2) **EXPERIENCE-** To consider Jimerson's experience, the fact-finder would have to review Jimerson's work since her graduation from Dental School.[2]

   a) Jimerson was first licensed in Ohio. The Plaintiff could not get the Ohio Record and does not know why she left Ohio.

   b) After Ohio, Jimerson moved to Michigan where she got her license. While in Michigan, Jimerson got into trouble where, on June 19, 2008, the Michigan Board of Dentistry accepted a Consent Order and Stipulation from Jimerson for the trouble she was in. Jimerson was placed on One (1) year Probation and fined $1000.00 dollars and expenses.

   c) Jimerson immediately left Michigan and came to Indiana where she again got her license to practice Dentistry in Indiana. Within months, Jimerson was already involved in a case brought before the Indiana State Board of Dental Examiners on February 5, 2010.

   d) On or around 2013, Jimerson was again caught up in trouble with the Indiana State Board of Dentistry, when the Indiana Attorney General found Jimerson guilty of Dental Malpractice. Jimerson was again placed on probation, fined $500.00 dollars by the Indiana State Board of Dentistry, and made to pay $50,000 in damages to her victim. Jimerson then went full-time at WVCF.

      a. The preceding is Jimerson's body of work prior to working full-time at Wabash Valley Correctional Facility. The **ONLY EXPEREINCE** that his

[2] All of the information is the following facts have been submitted as prior exhibits.

would qualify for would be: **EXPERIENCE IN GETTING INTO TROUBLE AS A DENTIST**.

Now to Jimerson's **EXPERIENCE** at WVCF, without the Plaintiff's complaint,

e) Jimerson's experience at WVCF can be seen in the Affidavits of a few of Jimerson's victims at WVCF. There are two that the Plaintiff has yet to get, but will have should this case go to trial, where Jimerson, while preparing teeth for fillings, actually drilled into the inmates' nasal cavities. There are two (2) others that had to be sent to the hospital for Jimerson's Dental **ERRORS**. This covers Jimerson's **EXPERIENCE** at WVCF.

f) In the case-at-hand, Jimerson is presenting herself as an **EXPERT**. Black's Law Dictionary defines 'self-serving declaration' as:

> Self-serving Declaration: "An out-of-court statement made to benefit '*One's Own Interest*.'"

On March 25, 2016, Jimerson submitted her "Declaration of Dr. Ruthie Jimerson" as Exhibit A in the Defendant's Response to Plaintiff's Request For Emergency Dental Injunction. [Doc. 31-1]. The Plaintiff submitted his Reply to Defendant's Response To Plaintiff's Request For Emergency Dental Injunction. In that Reply, the Plaintiff, on page 11 of that Document, included the section titled, "**FALSE INFORMATION SUBMITTED BY JIMMERSON**." In this section, the Plaintiff, with the use of the dental records submitted by the Defendants, [Doc 31-2] **PROVED** that Jimerson submitted false information to this Court in her **DECLARED TESTIMONY** –which made her -***NOT CREDIBLE***.

Now Jimerson has submitted that same declaration, **WORD FOR WORD**, to support her claim for being an **EXPERT WITNESS**. Based upon her declaration, Jimerson declaring herself to be an **EXPERT WITNESS** could only be considered ***SELF-SERVING***.

The Plaintiff has shown that there is absolutely **NOTHING IN JIMERSON'S EXPERIENCE** that would qualify her as an **EXPERT WITNESS**.

## CONCLUSION

The Plaintiff has met the Summary Judgment Standard, and the **DELIBERATE INDIFFERENCE STANDARD**, and has **IMPEACHED JIMERSON** as an **EXPERT WITNESS**. The Defendant's **CANNOT SUCCEED** at trial. Therefore this Court should **GRANT SUMMARY JUDGMENT** in favor of the Plaintiff and **AGAINST** the Defendants, and **AWARD DAMAGES** in the amount requested in his Complaint, and for all other relief deemed appropriate by this Court.

Respectfully submitted,

Douglas a. Reaves

Douglas Reaves / Plaintiff pro-se

## CERTIFICATE OF SERVICE

I do hereby certify that on this 16 day of June 2016, that I have served a true and correct copy of the foregoing, Plaintiff's Motion For Summary Judgment, by first-class mail, postage prepaid, through the U.S. Postal service, to Adriana Katzen, (Attorney for Defendants, 8470 Allison Pointe Boulevard, Ste. 420, Indianapolis, IN 46250-4635.

Douglas a. Reaves

Douglas Reaves / Plaintiff pro-se