UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS A. REAVES,                 )<br>                                                       )<br>                      Plaintiff,         )<br>                                                       )<br>              v.                                 )         No. 2:15-cv-00350-JMS-MJD<br>                                                       )<br>RUTHIE JIMERSON DDS,       )<br>*et al.*                                          )<br>                      Defendants.   ) | |

**Entry Discussing Plaintiff's Requests to Enforce Injunction**

Plaintiff Douglas Reaves, an inmate at the Wabash Valley Correctional Facility ("Wabash"), brought this action alleging that he has received inadequate dental care at that facility. He was previously awarded a preliminary injunction in the form of an order that he receive a consultation from an outside dentist to examine and evaluate his teeth. Dkt. 37. That examination and evaluation has taken place and Reaves now seeks further relief through his notice of non-compliance and motion to compel and a motion to enforce injunctive order. For the following reasons, Reaves's requests for further injunctive relief [dkt 57] and [dkt 73] are **denied**.

**I. Background**

Reaves brought this action alleging that defendant Dr. Jimerson exhibited deliberate indifference to his serious dental care needs in violation of the Eighth Amendment. Specifically, Reaves alleges that in 2011 Dr. Jimerson was deliberately indifferent by breaking off a cap on his tooth and extracting that tooth rather than repairing the cap. Reaves also alleges that in 2015 Dr. Jimerson was deliberately indifferent by failing to fill tooth #31 and only giving him the option to

pull the tooth rather than fill it. The Court previously granted Reaves's motion for an emergency medical injunction and directed that Reaves be seen by an outside dentist. Dkt. 37.

Reaves has since been to an off-site dental consultation at Roshel Dentistry. The outside dentist noted decay on teeth # 19, 29, 30, and 31 and gum recession on teeth #21 and 22.

On June 20, 2016, Dr. Lester Tyler, a dentist at a different correctional institution, examined and treated Reaves. He noted that on the right side of Reaves's mouth, tooth #29 had a small amount of decay, tooth #30 had an old filling but no new decay, and tooth #31 had cavities. Dr. Tyler restored and filled teeth #29 and 31 that day. He also noted that on the left side of Reaves's mouth, tooth #19 had an old filling with new decay and tooth #15 had a small area of decay. He ordered Reaves to return for fillings on teeth #15 and 19. Dr. Tyler also noted recession/pockets on Reaves's teeth #21 and 22. Dr. Tyler recommended Sensodyne toothpaste for his sensitivity from gum disease and recession. On June 11, 2016, Reaves returned to Dr. Tyler and teeth #15 and 19 were filled.

Reaves now requests an order that he be sent to Dr. Roshel to complete the dental work he alleges that Dr. Roshel determined was necessary. He also seeks a ruling that he never be required to see Dr. Jimerson for treatment.

**II. Discussion**

The defendants argue that Reaves is not entitled to the relief he seeks because they have complied with the Court's order by sending Reaves to an outside dentist and having the dental work identified performed by an outside dentist. The defendants also point out that Reaves's complaint, and his motion for a preliminary injunction, are related to work done by Dr. Jimerson on teeth #23 and 31. Because Reaves's issues related to those teeth have been resolved, the defendants conclude that Reaves is not entitled to any further relief based on the previously-

granted injunction. Reaves argues that the defendants were directed to have a dentist other than Dr. Jimerson perform the work that Dr. Roshel identified, that not all of the necessary work identified by Dr. Roshel has been completed, and that some of the work that was done is causing him pain.

The underlying claim in this action is that Dr. Jimerson has been deliberately indifferent to Mr. Reaves's dental needs by damaging one of his teeth and recommending extraction of a tooth that did not need to be extracted. Having found that Reaves had a reasonable likelihood of success on the merits of his claims, particularly with regard to his claim that Dr. Jimerson suggested that tooth #31 be extracted, the Court ordered that Reaves be evaluated by an outside dentist. That evaluation took place and the defendants agreed to have a dentist other than Dr. Jimerson perform the needed work.[1] Reaves was then sent to another dentist, Dr. Lester Tyler, for necessary treatment. Dr. Tyler filled four teeth, including tooth #31, which is one of the subjects of Reaves's complaint and motion for a preliminary injunction. Dr. Tyler determined that one of the teeth that Dr. Roshel noted had decay, tooth #30, had previously been filled and had no new decay. Dr. Tyler also noted recession on teeth #21 and 22, but did not determine that filling those teeth was necessary. Reaves asserts that two of the teeth that Dr. Lester filled, #29 and 19 are now causing him pain.

Based on these facts, the Court finds that the terms of the injunction – that Reaves be evaluated by an outside dentist – were met when he was evaluated by Dr. Roshel. Because the

---

[1] Reaves argues that the Magistrate Judge ordered that an outside dentist perform all of the work identified by Dr. Roshel. But the Court's order does not go that far. Instead the order authorizes the parties to have another dentist perform the work. Nothing in the order should be construed as confining the outside dentist so strictly. It states: "Defendants reported that they plan to bring in a dentist other than Dr. Jimerson to perform the work identified by Dr. Roshel. Mr. Reaves confirmed he had no objection to such proposal. Accordingly, Defendants are authorized to have the needed dental work on Mr. Reaves performed by a dentist other than Dr. Jimerson." Dkt. 51.

injunction has been satisfied, Reaves is not entitled to any order "compelling" enforcement of it. Simply because Reaves received treatment based on this evaluation does not change this outcome. In addition, the fact that Dr. Tyler disagreed with Dr. Roshel regarding the necessary treatment for one of his teeth, tooth #30, does not entitle Reaves to further relief. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."). Further, there is no evidence that filling teeth #21 and 22, in which both dentists identified gum recession, but no cavities, would provide any relief to Reaves. In addition, whether or not Dr. Tyler mishandled the treatment of teeth #19 and 29 is not an underlying subject of this lawsuit and therefore not a claim upon which the Court can grant any relief to Reaves at this stage.

### III. Conclusion

The injunction provided only that Reaves be evaluated by an outside dentist. That task has been completed. Accordingly, Reaves's motion to compel compliance [dkt 57] and motion to enforce injunctive order [dkt 73] are **denied**. His motion to amend [dkt 67] is **granted** to the extent that the amended reply was considered in ruling on these motions.

**IT IS SO ORDERED.**

Date: October 4, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Douglas A. Reaves
881987
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel